**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RICKY W. HEHNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No: 09-2141-KHV** |
| **BAY TRANSPORT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Ricky W. Hehner filed suit against Bay Transport, Inc. in the District Court of Wyandotte County, Kansas alleging negligence. On March 23, 2009, Bay Transport removed the case under 28 U.S.C. § 1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332. See Defendant's Notice Of Removal ("Notice") (Doc. #1). This matter is before the Court on plaintiff's Motion To Remand To District Court Of Wyandotte County, Kansas (Doc. #4) filed March 25, 2009.

In the Notice, defendant alleges that the amount in controversy exceeds $75,000 because plaintiff's prayer for relief requests judgment in the amount of $75,000 plus costs. Section 1332, however, permits the Court to exercise diversity jurisdiction in actions between diverse parties which involve amounts in controversy *greater* than $75,000.[1] Plaintiff argues that the Court should remand because the amount in controversy does not meet the jurisdictional minimum. Specifically, plaintiff argues that in alleging the amount in controversy, defendant improperly referenced costs. Plaintiff argues that the loss which is the subject of his Petition does not exceed $75,000 and

---

[1] Plaintiff and defendant are citizens of the State of Kansas and the State of Michigan, respectively, and do not contest diversity.

-1-

confirms by affidavit that he does not intend to pursue damages in excess of $75,000 exclusive of interest and costs. Plaintiff seeks remand and an order "pursuant to Federal Rules of Civil Procedure 11 and 28 U.S.C. §1927."[2] Doc. #4 at 2. Defendant filed no response to plaintiff's motion, and its time to do so has now expired. For reasons stated below, the Court sustains plaintiff's motion to remand and overrules plaintiff's request for sanctions under Rule 11 and 28 U.S.C. § 1927, but awards plaintiff the costs and fees which he incurred in seeking remand.

## **ANALYSIS**

In a case between citizens of different states, section 1332 confers original federal jurisdiction where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.[3] Therefore, jurisdiction hinges on whether the amount in controversy exceeds the

---

[2] Rule 11, Fed. R. Civ. P., provides in relevant part as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper . . . an attorney certifies that to the best of the person's knowledge, information, and belief . . . (1) it is not being presented for any improper purpose . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . (c) Sanctions. (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b) . . . .

Section 1927, Title 28, United States Code, provides as follows:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[3] Section 1332(a)(1) provides as follows:

(continued...)

jurisdictional minimum. The allegations in the complaint normally determine the amount in controversy unless they are not dispositive. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The party requesting removal bears the burden to set forth in the notice of removal the facts which support the assertion that the amount in controversy exceeds the jurisdictional minimum. Id. Further, a presumption against removal jurisdiction exists. Id. The Supreme Court has explained that with regard to the amount in controversy, "events occurring subsequent to the removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). On the other hand, where the amount in controversy is not clear at the time of removal, the Court may consider extrinsic evidence submitted after removal to determine the amount in controversy. Williams v. Law Offices of David Sean Dufek, LLC, No. 08-2291-KHV, 2008 WL 3492137, *1 (D. Kan. Aug. 11, 2008) (citing McPhail v. Deere & Co, 529 F.3d 947, 956 (10th Cir. 2008)). For example, the court may give effect to a post-removal affidavit or stipulation which clarifies an otherwise ambiguous amount in controversy. Williams at *1.

Here, plaintiff's petition seeks a damage award "in an amount of $75,000, or a sum that is fair, reasonable and just under the premises," costs herein incurred and expended, and such other and further relief as the court deems just and proper. See Ex. A to Notice. Under the plain language of the statute, costs are explicitly excluded when determining the amount in controversy. 28 U.S.C. § 1332(a).[4] Accordingly, this Court has subject matter jurisdiction only if plaintiff's demand for

---

[3](...continued)
> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States . . . .

[4]   See 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER,
(continued...)

exactly $75,000 "or a sum that is fair, reasonable and just under the premises . . . and for such other and further relief as the Court deems just and proper" establishes an amount in controversy sufficient to meet the jurisdictional minimum.

When the amount in controversy is exactly $75,000, it does not exceed $75,000 and subject matter jurisdiction under Section 1332 does not exist.  State Farm Mut. Auto. Ins. Co. v. Narvaez, 148 F.3d 1269, 1272 (10th Cir. 1998) (dismissing claim for exactly $50,000 which was jurisdictional amount at time); see also Progressive Cas. Ins. Co. v. Estate of Crone, 894 F. Supp. 383, 384 (D. Kan. 1995) (dicta).  Here, plaintiff seeks exactly $75,000 and his claim does not meet the jurisdictional minimum.  To the extent the language "or a sum that is fair, reasonable and just under the premises . . . and for such other and further relief as the Court deems just and proper" generates any ambiguity about whether plaintiff seeks more than $75,000 in damages (which neither party argues or addresses), the Court construes plaintiff's post-removal affidavit to clarify that he does not. See, e.g. Williams at *1 (construing post-removal stipulation to clarify total amount in controversy as not exceeding $75,000).    Accordingly, the Court lacks subject matter jurisdiction and remand is appropriate.

The Court finds that plaintiff's unsupported request for an order "pursuant to Federal Rules of Civil Procedure 11 and 28 U.S.C. §1927" is without merit.  Plaintiff has not complied with the procedural requirements for sanctions under Rule 11, or demonstrated that defense counsel engaged in sanctionable conduct.  See Fed. R. Civ. P. 11(c)(1)(A); Hilkene .v WD-40 Co., No. 04-2253-

---

[4](...continued)
FEDERAL PRACTICE AND PROCEDURE § 3712 (3d ed. 1998). ("The present jurisdictional amount statute, using language that has been unchanged since 1887, provides that the matter in controversy between the parties is to be determined 'exclusive of interest and costs.'  The rule regarding costs can be justified on two grounds. First, costs are matters of reimbursement and are not part of the matter in controversy. Second, the amount of the costs will remain uncertain until the action itself is completed and therefore is an inappropriate element for inclusion in determining whether the jurisdictional amount requirement has been satisfied since that must be determined at the beginning of the case.")

KHV, 2007 WL 470830, *1 (D. Kan. Feb. 8, 2007) (discussing Rule 11 procedural requirements); Cowdin v. Sears, Roebuck & Co., No. 04-2045-KHV, 2006 WL 47697, *3 (D. Kan. Jan. 9, 2006) (discussing grounds for sanctions under 28 U.S.C. § 1927). The Court therefore overrules plaintiff's request on those grounds. In its discretion, however, because defendant lacked an objectively reasonable basis for seeking removal, the Court awards plaintiff the costs and expenses, including attorneys' fees, associated with the improper removal. See 28 U.S.C. § 1447(c); Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

**IT IS THEREFORE ORDERED** that the Motion To Remand To District Court Of Wyandotte County, Kansas (Doc. #4) filed on March 25, 2009, be and hereby is **SUSTAINED.** This case is hereby remanded to the District Court of Wyandotte County, Kansas. Defendant is ordered to pay to plaintiff the costs and expenses, including attorneys' fees, incurred as a result of the removal. The parties shall follow the procedures set forth in D. Kan. Rule 54.2 and shall file the requisite stipulation and request for order or statement of consultation and memorandum in support of their request for fees on or before June 1, 2009.

Dated this 5th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge